UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JIAN HUA LIN, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26cv58 DRL-SJF |
| BRIAN ENGLISH, PAMELA BONDI, KRISTI NOEM, MARCOS CHARLES, and TODD M. LYONS, | |
| Respondents. | |

ORDER TO SHOW CAUSE

Immigration detainee Jian Hua Lin, by counsel, filed a petition under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Lin alleges he is a 50-year-old native and citizen of the People's Republic of China who came to the United States in 1987 at age 12 with his family as lawful permanent residents. In 2000, Mr. Lin was convicted of first-degree kidnapping and was sentenced to 25 years in prison. In 2006, an immigration judge ordered him removed to China. On June 7, 2007, the Board of Immigration Appeals dismissed his appeal, making his removal order administratively final at that time.

The petition details the rehabilitative efforts Mr. Lin took while imprisoned, including earning two master's degrees, working as a law clerk, and helping other inmates. He says he received awards in recognition of his achievements. Mr. Lin was paroled from prison on February 7, 2024, and says he immediately began working at the Fortune Society

and later became a case coordinator for an intensive supervised release program at another organization, which required him to obtain a security clearance.

Mr. Lin alleges that, while still in prison, he contacted the Department of Homeland Security to begin the steps for his removal. He completed and returned the paperwork he was sent to obtain a travel document. After his parole in February 2024, he alleges he reported to United States Immigration and Customs Enforcement (ICE) on March 12, 2024, and was placed on an order of supervision with an ankle monitor. ICE asked Mr. Lin to obtain a passport on his own. Mr. Lin says he made multiple attempts to obtain travel documents from the Chinese Consulate, including calling the Chinese Consulate in March 2024, downloading the Chinese consular app in April 2024, having his mother visit the Chinese Consulate in August 2025, and working with counsel to contact officials in Guangzhou, China. He reports that the Chinese Consulate consistently informed him that, without a birth certificate, national ID card, or passport issued in his own name to prove Chinese citizenship, obtaining any travel document would be impossible.

Mr. Lin alleges he was arrested by ICE when he reported for a scheduled check in on August 13, 2025, about a year and a half after his release from prison. He says he was not given a notice revoking his release, told why his supervision order was being terminated, or provided an informal interview to contest the revocation. He contends that ICE has not provided him any information that China has agreed to accept his return, that travel document are forthcoming, or that any circumstances have changed to make removal reasonably foreseeable. He alleges he is not a flight risk or a danger to the community. He asks the court to order his release.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, the court has jurisdiction to review the legality of Mr. Lin's detention under 8 U.S.C. § 1231(a).

Mr. Lin includes several respondents who are not his "immediate custodian" and do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). Therefore, Mr. Lin will be ordered to show cause why Attorney General Pamela Bondi, Department of Homeland Security Secretary Kristi Noem, Acting Executive Associate Director of ICE Enforcement and Removal Operations Marcos Charles, and Acting Director of United States Immigration and Customs Enforcement Todd M. Lyons should not be immediately dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

When answering the petition, the respondents should consider that some issues regarding re-detention under 8 U.S.C. § 1231(a) have been decided.[1] The court has found that neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(g) strips the court of jurisdiction over a habeas petition challenging a petitioner's re-detention under § 1231(a) and that the six-month period of presumptive reasonableness identified in *Zadvydas* does not apply to subsequent detentions after a release based on the unforeseeability of removal. *See Vu v. English*, No. 3:25cv999, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.); *Kem v. Noem*, No. 3:25cv997, 2026 WL 100566, 1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.); *see also Pho v. Noem*, No. 3:25cv977, 2025 WL 3750684, 1-4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.).

To the extent the respondents would raise the same arguments regarding subject matter jurisdiction and the legal arguments already discussed in *Vu*, *Kem*, and *Pho*, there is no need to rehash these same arguments. The respondents may preserve them, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided under the law, and those issues particular to this petitioner.

Mr. Lin asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, as it has been superseded by the Rules Governing

---

[1] In his petition, Mr. Lin repeatedly states that his removal period ended in 2007, 90 days after his removal order was affirmed by the Board of Immigration Appeals. Because he was incarcerated in a state prison at the time, his removal period did not start until the date he was released from confinement. *See* 8 U.S.C. § 1231(a)(1)(B)(iii). It is unclear why he was not taken into ICE custody upon his release, but he is correct that his removal period has ended—just at a later time than he alleges. Subject then to the submissions of the parties, the court thus considers this case to be a re-detention following release on a supervision order, not an initial detention following the removal period.

4

2254 Cases, which also applies to habeas corpus petitions under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir.1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Under the circumstances here, three days is unwarranted, but a short deadline is nonetheless appropriate.

In addition, Mr. Lin asks for the court to stay his removal to a third country or his transfer out-of-district. The court construes this as a request for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). But "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotations omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

5

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The third and fourth factors, harm to the opposing party and the public interest, merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Mr. Lin's request will be denied because he has not shown irreparable injury. There is no indication as of yet that a third country removal is even anticipated. He argues a transfer out of this district would impede his access to counsel and irreparably harm his ability to litigate his habeas claims. As Mr. Lin notes, a transfer would not deprive this court of jurisdiction. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021) (transfer of federal prisoner did not deprive original court of jurisdiction over habeas petition because there was still a "respondent within the jurisdiction of the original court that has the authority to comply with any order that may issue"). And a mere fear that a transfer might deprive him of the ability to consult with his attorney is not enough to justify granting a preliminary injunction at this stage. To date, the court has encountered no such transfers from Miami Correctional Facility.

For these reasons, the court:

(1) DENIES the request for a preliminary injunction in the petition;

(2) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States;

(c) the Secretary of the Department of Homeland Security, at the Office of General Counsel; (d) the Acting Executive Associate Director, Enforcement and Removal Operations ICE, at the Office of the Principal Legal Advisor; (e) the Acting Director of the United States Immigration and Customs Enforcement at the Office of the Principal Legal Advisor; and (f) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(3) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(4) ORDERS the respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(5) ORDERS the respondents to file a brief status report by **February 20, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Jian Hua Lin from the United States in the next thirty days or to transfer him and, if so, to where; and

(6) ORDERS the respondents to answer the petition by **February 25, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Supervision that was revoked, a copy of the decision revoking his Order of Supervision, and any documentation relevant to those decisions; (b) the date of the informal interview and any other custody reviews following Mr. Lin's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

7

(7) ORDERS that Mr. Lin may file a reply by **March 4, 2026**.

SO ORDERED.

February 18, 2026                              *s/ Damon R. Leichty*
                                               Judge, United States District Court